# Exhibit D

FILED
Department of Business and Professional Regulation
AGENCY CLERK
CLERK: Ronda L. Bryan
Date:   3/14/2023
File #:

STATE OF FLORIDA
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION

DEPARTMENT OF BUSINESS AND
PROFESSIONAL REGULATION,
DIVISION OF ALCOHOLIC
BEVERAGES AND TOBACCO,

     Petitioner,

v.

HRM OWNER, LLC, D/B/A
HYATT REGENCY MIAMI,

     Respondent.

_____/

Case No.:  2023-005693

## ADMINISTRATIVE COMPLAINT

Petitioner, the Department of Business and Professional Regulation, Division of Alcoholic Beverages and Tobacco ("Petitioner" or "Division"), files this Administrative Complaint ("Complaint") against HRM Owner, LLC, D/B/A Hyatt Regency Miami, ("Respondent"), and alleges as follows:

1.     Petitioner is the state agency charged with regulating alcoholic beverages and tobacco pursuant to chapters 210, 561-565, and 567-569, Florida Statutes.

2.     At all times material to this Complaint, Respondent was licensed by Petitioner as a vendor of alcoholic beverages where consumption on premises is permitted pursuant to section 565.02(1)(b), Florida Statutes, having been issued a license number 2305262. ("License")

3.     Respondent's address of record is at 400 SE 2nd Avenue, Miami, Florida 33101. ("Licensed Premises")

4.      On or about December 27, 2022, Respondent hosted "A Drag Queen Christmas" on its Licensed Premises during which Respondent served alcoholic beverages to patrons in attendance.  ("the Show")

5.      Respondent promoted the Show using targeted, Christmas-themed promotional materials that did not provide notice as to the sexually explicit nature of the Show's performances or other content. *See* **Exhibit 1.** Rather than call attention to the Show's sexually explicit content or acknowledge that it might not be appropriate for children, Respondent's promotional materials unequivocally stated "[a]ll ages welcome." *See* **Exhibit 2.**

6.      Prior to the Show occurring and based on media reports about the Show at other locations, Petitioner sent a letter to Respondent notifying Respondent that "[s]exually explicit drag show performances constitute public nuisances, lewd activity, and disorderly conduct when minors are in attendance" and that, if Respondent failed to ensure that minors were prohibited from attending such performances, its license would be subject to penalties up to and including revocation. *See* **Exhibit 3.**

7.      Although Respondent updated its advertising to include a disclaimer that the Show was "[r]ecommended for audiences 18+," Respondent's admission policies specifically allowed for minor children to attend if "accompanied by an adult." *See* **Exhibit 4.**

8.      As a result, minors attended and were knowingly admitted into the Show by Respondent, including children appearing less than 16 years of age. *See* **Exhibit 5.**

9.      During the Show and in the presence of persons less than 16 years of age, performers appeared on stage wearing sexually suggestive clothing and prosthetic female genitalia.

10.     The Show featured numerous segments where performers engaged in acts of sexual conduct, simulated sexual activity, and lewd, vulgar, and indecent displays, including but not limited to:

    a.  performers forcibly penetrating or rubbing their exposed prosthetic female breasts against the faces or oral cavities of audience members; *See* **Exhibit 7.**

    b.  intentionally exposing performers' prosthetic female breasts and genitalia to the audience;

    c.  intentionally exposing performers' buttocks to the audience;

    d.  simulating masturbation through performers' digitally penetrating prosthetic female genital; and

    e.  graphic depictions of childbirth and/or abortion.

11.     Additionally, videos were projected on screens behind the performers**.** The videos included images of exposed female breasts with less than a fully opaque covering, portrayals of simulated masturbation, and other sexually explicit content.

12.     The Show also contained sexually explicit themes and prurient content presented through perverted versions of popular children's Christmas songs. These included an adaptation of "All I want for Christmas is my two front teeth" that contained portrayals of oral fellatio, as well as the line "I'll sit on his lap, he can put his milk and cookies all between my gap."  The Show also featured a performance of "Screwdolph the Red-Nippled Reindeer," which included the following lyrics:

    a.  "You know Dasher and Dancer and Prancer and Vixen Vomit and Stupid and Dildo and Dicks-in…"

    b.  But do you recall the most famous reindeer of all? Screwdolph the Red-Nippled Reindeer, had a very shiny bust…"

    c.  "Then one soggy Christmas Eve Santa came to say 'Screwdolph with your nipples so bright won't you guide my sleigh tonight."

13.     At all times material to this Complaint, Respondent maintained dominion and control over its Licensed Premises, the performances conducted at the Licensed Premises, and the persons admitted onto its Licensed Premises.

14.     Accordingly, Respondent authorized, permitted, and maintained the Show to occur on its Licensed Premises, and, as a direct result of its admission policies, knowingly exposed minor children to the conduct alleged herein.

<u>COUNT ONE</u>

15.     Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 as though fully set forth herein.

16.     Section 561.29(1)(a), Florida Statutes, provides in pertinent part that

> (1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:
>
> (a)     Violation by the licensee or his or her or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state . . . or permitting another on the licensed premises to violate any of the laws of this state . . . .

17.     Section 800.04(7), Florida Statutes, provides that it is a felony offense for a person to commit lewd or lascivious exhibition "in the presence of a victim who is less than 16 years of age."

18.     As defined by section 800.04(7)(a), "Lewd or Lascivious Exhibition" includes "intentionally expos[ing] the genitals in a lewd or lascivious manner" or "intentionally commit[ing] . . . the simulation of any act involving sexual activity" in the presence of a minor less than 16 years of age.

19.     Exposing genitals in a lewd or lascivious manner and simulated sexual activity are inconsistent with the prevailing standards in the adult community as a whole with respect to what is suitable material for children under the age of 16.

20.     Respondent violated section 561.29(1)(a), Florida Statutes, by violating section 800.04(7), Florida Statutes, by allowing performers to expose genitals in a lewd or lascivious manner and by conducting acts simulating sexual activity in the presence of children younger than 16 years of age.

<u>COUNT TWO</u>

21.     Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 as though fully set forth herein.

22.     Section 561.29(1)(a), Florida Statutes, provides in pertinent part that

(1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:

(a)     Violation by the licensee or his or her or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state . . . or permitting another on the licensed premises to violate any of the laws of this state . . . .

23.     Section 796.07(2)(a), Florida Statutes, prohibits the operation of "any place, structure, building, or conveyance for the purpose of lewdness[.]"

24.     As defined by section 796.07(1)(c), Florida Statutes, lewdness is defined as "any indecent or obscene act."

25.     Respondent knowingly admitted children onto its licensed premises where performers conducted simulations of sexual activity constituting lewdness under section 796.07, Florida Statutes. *See Hoskins v. Dept. of Bus. Reg., Div. of Alcoholic Beverages & Tobacco*, 592

So. 2d 1145 (Fla. 2d DCA 1992) (lap dances that "simulated sexual activity" constituted lewdness within the meaning of section 796.07(2)(a) and therefore justified revocation of licensee's alcoholic beverage license).

26.     Accordingly, Respondent violated section 561.29(1)(a), Florida Statutes, by operating a place of lewdness as defined and prohibited by section 796.07(2)(a), Florida Statutes.

<u>COUNT THREE</u>

27.     Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 as though fully set forth herein.

28.     Section 561.29(1)(a), Florida Statutes, provides in pertinent part that

(1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:

(a)     Violation by the licensee or his or her or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state . . . or permitting another on the licensed premises to violate any of the laws of this state . . . .

29.     Section 800.03, Florida Statutes, prohibits unlawful exposure of sexual organs. Specifically, it provides that "exposing or exhibiting . . . sexual organs in public or on the private premises of another . . . in a vulgar or indecent manner" is unlawful. § 800.03(1)(a), Fla. Stat.

30.     Whether exposure of sexual organs is "vulgar or indecent" is a factual question that turns in part on the age and maturity of the audience.

31.     Respondent violated section 561.29(1)(a), Florida Statutes, by violating section 800.03, Florida Statutes, by allowing performers to expose prosthetic genitalia and breasts in a vulgar or indecent manner in the presence of children.

Case No.: 2023-005693

## COUNT FOUR

32.    Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 as though fully set forth herein.

33.    Section 561.29(1)(a), Florida Statutes, provides in pertinent part that

(1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:

(a)    Violation by the licensee or his or her or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state . . . or permitting another on the licensed premises to violate any of the laws of this state . . .

34.    Section 847.011(4), Florida Statutes, prohibits knowingly promoting, conducting, performing, or participating in "an obscene show, exhibition, or performance by live persons or a live person before an audience."

35.    Furthermore, section 847.0133, Florida Statutes, provides that it is a felony to "sell, rent, loan, give away, distribute, transmit, or show any obscene material to a minor."

36.    As defined by section 847.001(12), Florida Statues, and for purposes of section 847.0133, "[o]bscene" means material which:

(a)    The average person, applying contemporary community standards, would find, taken as a whole, appeals to the prurient interest;

(b)    Depicts or describes, in a patently offensive way, sexual conduct as specifically defined herein; and

(c)    Taken as a whole, lacks serious literary, artistic, political, or scientific value.

37.     Respondent violated section 561.29(1)(a), Florida Statutes, by violating sections 847.0133 and 847.011(4), Florida Statutes, by knowingly selling admission to and showing obscene performances and material to a live audience that included children.

COUNT FIVE

38.     Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 as though fully set forth herein.

39.     Section 561.29(1)(a), Florida Statutes, provides in pertinent part that

> (1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:
>
> (a)     . . . engaging in or permitting disorderly conduct on the licensed premises . . . .

40.     Florida's disorderly conduct statute prohibits "such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency." § 877.03, Fla. Stat.

41.     The nature of the Show's performances, particularly when conducted in the presence of young children, corrupts the public morals and outrages the sense of public decency. *See McGuire v. State*, 489 So. 2d 729, 732 (Fla. 1986) ("the terms 'public decency' and 'corrupt the public morals' are terms of general understanding and . . . anyone of common intelligence would be perfectly aware that such public exposure [of female breasts] was prohibited") (citing *State v. Magee*, 259 So.2d 139, 140 (Fla. 1972)).

42.     Accordingly, Respondent permitted disorderly conduct on its Licensed Premises through the hosting of the Show in the presence of young children in violation of section 561.29(1)(a), Florida Statutes.

<u>COUNT SIX</u>

43.     Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 as though fully set forth herein.

44.     Section 561.29(1)(c), Florida Statutes, provides in pertinent part that

> (1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:
>
> (c)     Maintaining a nuisance on the licensed premises.

45.      In accordance with section 823.05(1), Florida Statutes, a person is deemed to be "maintaining a nuisance" who erects, establishes, continues, maintains, owns, or leases the following:

> (a) A building, booth, tent, or place that tends to annoy the community or *injure the health of the community, or becomes manifestly injurious to the morals or manners of the people* as provided in s. 823.01.
>
> (b) A house or place of prostitution, assignation, or *lewdness*.

(emphasis added)

46.     As provided by section 823.01, Florida Statutes, nuisances that "annoy the community, injure the health of the citizens in general or corrupt the public morals" shall be a misdemeanor of the second degree in violation of the criminal laws of the State of Florida.

47.     The Florida Supreme Court has affirmed that "exhibiting for public entertainment any show or acts" conducted in a "nasty, suggestive and indecent manner" constitutes a public nuisance. *Fed. Amusement Co. v. State ex rel. Tuppen*, 32 So. 2d 1, 2 (Fla. 1947).

48.    Accordingly, Respondent has violated section 561.29(1)(c), Florida Statutes, by operating and maintaining a nuisance as defined and prohibited by sections 823.05 and 823.01, Florida Statutes.

WHEREFORE, Petitioner requests that the Division enter a Final Order finding that Respondent has violated section 561.29(a) and (c), Florida Statutes, and enter a penalty revoking Respondent's License as authorized thereunder.

Signed this 14th day of March, 2023.

Sterling Whisenhunt, Director
Division of Alcoholic Beverages & Tobacco
Department of Business & Professional Regulation

By:      /s/ Jett Baumann
Jett Baumann
Chief Attorney
Florida Bar No. 122159
Jett.Baumann@myfloridalicense.com
Department of Business & Professional Regulation
Office of the General Counsel
Division of Alcoholic Beverages &Tobacco
2601 Blair Stone Road
Tallahassee, Florida 32399-2202
Telephone:  (850) 717-1325
Facsimile:  (850) 922-1278

**EXHIBIT 1**



Case No.: 2023-005693

**EXHIBIT 2**



Case No.: 2023-005693

# EXHIBIT 3



Florida
dbpr Department of Business
& Professional Regulation

Office of the Secretary
Melanie S. Griffin, Secretary
2601 Blair Stone Road
Tallahassee, Florida 32399-1000
Phone: 850.413.0755 Fax: 850.921.4094

**Melanie S. Griffin**, Secretary

**Ron DeSantis**, Governor

December 27, 2022

HRM Owner, LLC
4COP License No. 2305262
400 SE 2nd Avenue
Miami, Florida 33131

c/o Bridget Smitha
Stearns Weaver Miller Weissler Alhadeff & Sitterson
106 E. College Avenue, Suite 700
Tallahassee, Florida 32301
BSmitha@stearnsweaver.com

With a copy to:
Big Time Operator, LLC d/b/a Drag Fans
via Hand Delivery

Dear HRM Owner, LLC:

It has come to the Department's attention that you have contracted with Big Time Operator, LLC d/b/a "Drag Fans" to offer the use of your licensed premises to conduct the "drag show" performance "A Drag Queen Christmas." The Department has reason to believe that this drag show is of a sexual nature, involving the exposure or exhibition of sexual organs, simulated sexual activity, and/or the sexualization of children's stories. The Department has also become aware that drag shows by Drag Fans have been marketed to and attended by minors, including young children.

Sexually explicit drag show performances constitute public nuisances, lewd activity, and disorderly conduct when minors are in attendance. *See Hoskins v. Dept. of Bus. Reg., Div. of Alcoholic Beverages & Tobacco*, 592 So. 2d 1145 (Fla. 2d DCA 1992). Accordingly, Florida's licensure laws provide strict penalties for licensees who allow minors to attend these drag shows at their licensed premises. *See* sections 561.29(1)(a) and 561.29(1)(c), Florida Statutes. These penalties range up to and include revocation of the license pertaining to the licensed premises. *Id.* In short, if you allow children to attend the Drag Fans drag show at your facility, you are putting your license in jeopardy.

To avoid action being taken against your license, it is your obligation to ensure that minors are prohibited from attending the Drag Fans drag show. If minors are allowed to attend this drag show, the Department will take any and all actions available to ensure that you do not pose a threat to minors in the future.

Sincerely,

Melanie S. Griffin

Melanie S. Griffin
Secretary of Business and Professional Regulation

License efficiently. Regulate fairly.
www.MyFloridaLicense.com
www.MyFloridaLicense.com

Page 13 of 17

Case No.: 2023-005693

**EXHIBIT 4**

## More Info ✕

ticketmaster⸱ 〉 Arts & The... 〉 Performan... 〉 A Drag Queen Christmas

# A Drag Queen Christmas

**Important Event Info:** For the 8th consecutive year, Murray & Peter present, "A Drag Queen Christmas". Get ready for your favorite queens performing live on stage. We've got Winners, Fan Favorites and Miss Congeniality. VIP Meet & Greet tickets are
available. The M&G starts at 6pm. Adult content. Recommended for audiences 18+. Minors must be accompanied by an adult. The show starts at 8pm. There will be a 20-minute intermission. Check Dragfans.com for the cast performing in your city.

🕐 **Date**    Tue · Dec 27, 2022 · 8:00 PM

📍 **Venue**    James L Knight Center
         Miami, FL

## Additional Info
Adult content. Recommended for audiences -18+. Minors must be accompanied by an adult.

## Lineup


**EXHIBIT 5**



Case No.: 2023-005693

**EXHIBIT 6**



Case No.: 2023-005693

**EXHIBIT 7**

