**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HM FLORIDA-ORL, LLC,

Plaintiff,

v.

MELANIE GRIFFIN, in her official capacity as Secretary of the Department of Business and Professional Regulation, State of Florida,

Defendant.

Case No. 6:23-cv-00950

**DEFENDANT'S MOTION FOR A PARTIAL STAY PENDING APPEAL OF PRELIMINARY INJUNCTION**

On May 17, 2023, Governor Ron DeSantis signed the Protection of Children Act into law. *See* Fla. Laws ch. 2023-94 (SB 1438) (DE 21-1). The Act makes it a misdemeanor to "knowingly admit a child to an adult live performance." Fla. Stat. § 827.11(3), (4). It defines an "adult live performance" as a sexually explicit show that the adult community of the state would consider patently offensive "for the age of the child present." *Id.* § 827.11(1)(a).

On June 23, 2023, this Court accepted Plaintiff's contention that statute violates the First Amendment and is unconstitutionally vague. The Court preliminarily enjoined the statute, not just as to Plaintiff, but also as to any other person or entity. DE 29 at 23. The following day, the Court amended its opinion, but left the injunction unchanged. DE 30 at 25. Defendant has appealed. DE 31.

Defendant respectfully requests that the Court, pending appeal, stay that injunction to the extent it applies to parties other than Plaintiff. As Defendant argued

in opposition to the preliminary injunction, Plaintiff faces no credible threat of enforcement from the challenged statute, because the types of performances that they say they wish to present are not barred by it. DE 21 at 18–20. But the Court's injunction also sweeps beyond Plaintiff to nonparties who may wish to expose children to live obscene performances in violation of the statute. The portion of the injunction that applies to nonparties threatens Florida, and the children Florida enacted the law to protect, with irreparable harm, and is beyond the Court's remedial authority. The Court should therefore stay its injunction pending appeal to the extent it applies to anyone other than Plaintiff.

## ARGUMENT

The Court may stay its own injunction order pending appeal. Fed. R. Civ. P. 62(d); *see* Fed. R. App. P. 8(a)(1) (requiring parties "ordinarily" to "move first in the district court" for such relief). Whether to grant a stay pending appeal turns on four factors:

> (1) the likelihood the moving party will prevail on the merits;
>
> (2) the prospect of irreparable injury to the moving party if relief is withheld;
>
> (3) the possibility of harm to other parties if relief is granted; and
>
> (4) the public interest.

11th Cir. R. 27-1 (b)(2). Here, every factor favors a stay.

### A. Defendants Are Likely to Succeed on Appeal in Narrowing the Injunction to Plaintiff.

In granting a preliminary injunction, this Court rejected Defendant's arguments that Plaintiff lacks standing to sue and that the statute is constitutional. DE 30 at 15–24. Defendant disagrees with the Court on both scores and fully intends to renew those arguments in its briefing on appeal. But she does not now assert them as the basis for a stay pending appeal.

Instead, Defendant seeks only a limited stay pending appeal of the injunction to the extent it applies to nonparties. Defendant argued that any preliminary injunction the Court entered should be limited to Plaintiff. DE 21 at 24. The Court rejected that contention and enjoined enforcement of the statute against anyone. DE 30 at 25. The Eleventh Circuit is substantially likely to reverse that ruling on appeal.

The Eleventh Circuit is "both weary and wary" of the "drastic form of relief" that characterizes "universal" injunctions applicable "to plaintiffs and nonplaintiffs alike." *Georgia v. President of the United States*, 46 F.4th 1283, 1303 (11th Cir. 2022).[1] Such injunctions "push against the boundaries of judicial power." *Id.* That power is "bounded by both historical practice and traditional remedial principles." *Id.* (citing *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527

---

[1] The *Georgia* opinion was a fractured ruling, with Judge Grant writing only for herself as to parts I through IV of the opinion. But part V of the opinion, which addressed the scope of the injunction, was also joined by Judge Anderson. *See Georgia*, 46 F.4th at 1308 (Anderson, J., concurring in part and dissenting in part).

U.S. 308, 318 (1999)). And the traditional scope of injunctive relief under that power was limited to what is necessary "to protect the interests of the parties." *Id.* For that reason, equitable remedies are limited to those "sufficient to redress" a party's "injury." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 166 (2010) (holding a nationwide injunction inappropriate on this basis).

Here, party-specific relief is sufficient to redress Plaintiff's asserted injury. That injury was the claimed "chilling effect" flowing from Plaintiff's alleged fear that the challenged statute could be enforced against it. DE 30 at 11. But now the injunction prevents Defendant from enforcing the statute against Plaintiff. Applying the injunction to nonparties is thus "more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979); *see also Kentucky v. Biden*, 57 F.4th 545, 557 (6th Cir. 2023) ("Because an injunction limited to the parties can adequately protect the plaintiffs' interests while the case is pending disposition on the merits, the district court abused its discretion in extending the preliminary injunction's protection to non-part[ies].").

That analysis is unaltered by the fact that this is a case in which Plaintiff asserts that the statute exerts a chilling effect on the speech of parties not before the Court. Plaintiff's substantive constitutional theory does not control the scope of the permissible remedy. That is why the Supreme Court routinely limits remedies to the parties even when it accepts a party's First Amendment overbreadth claim premised on the chilling effects of a statute as applied to the speech of

nonparties. *See United States v. Nat'l Treas. Emps. Union,* 513 U.S. 454, 472, 477–78 (1995) (limiting relief to "the parties before the Court" in a successful overbreadth challenge because "we neither want nor need to provide relief to nonparties when a narrower remedy will fully protect the litigants"); *United States v. Stevens,* 559 U.S. 460, 482–84 (2010) (Alito, J., dissenting) (preferring to vacate defendant's criminal conviction, rather than hold the statute defendant violated to be facially invalid, based on an overbreadth claim).

The Eleventh Circuit recently relied on those principles to stay pending appeal a universal injunction entered on First Amendment overbreadth grounds. In that case, the district court had preliminarily enjoined as unconstitutionally overbroad a provision of the Florida Constitution that, in the district court's view, injured two plaintiffs by precluding them from engaging in lobbying activities during their time in public office. *See Garcia v. Stillman*, No. 22-cv-24156, 2023 WL 2263609, at *4, *6 (S.D. Fla. Feb. 28, 2023). The district court's injunction applied universally, not just to those two plaintiffs. *See id.* at *12. The district court had also refused to grant Florida a partial stay pending appeal of the injunction to the extent it applied beyond those plaintiffs, reasoning that "an exception exists" to the principle that injunctive relief should be limited to the parties in cases involving "the chilling effects of overbroad statutes." *Garcia v. Stillman*, No. 22-cv-24156, 2023 WL 3478450, at *2 (S.D. Fla. May 16, 2023). A unanimous panel of the Eleventh Circuit—consisting of Judges Jill Pryor, Grant, and Luck—disagreed. The Court stayed the preliminary injunction to the extent it applied beyond those two

plaintiffs, reasoning that "the need to protect third parties" did not justify nonparty relief. *Garcia v. Exec. Dir., Fla. Comm'n on Ethics*, No. 23-10872 (11th Cir. June 5, 2023) (DE 33 at 2). The Court should do the same here.

**B. The Remaining Stay Factors Favor Defendant**

Defendant will suffer irreparable harm without a stay. "Any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) (alteration accepted) (citation omitted).

The "balance of harms" and the "public interest" both favor a stay as well. *Swain v. Junior*, 958 F.3d 1081, 1090 (11th Cir. 2020). If the injunction were not stayed, the State would suffer the sovereign harm of having one of its laws enjoined, and its children would lack the protection of the challenged statute against obscene adult live performances. Meanwhile, Plaintiff will suffer no harm whatsoever because Defendant does not ask the injunction to be stayed as it applies to Plaintiff, only as to nonparties.

As for the public interest, any plaintiff who wants to challenge the statute has the tools to do so. *Georgia*, 46 F.4th at 1306–07. The public interest is served by demanding that non-parties avail themselves of those tools: It "encourages multiple judges . . . to weigh in only after careful deliberation," whereas "universal injunctions tend to force judges into making rushed, high-stakes, low-information decisions." *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020)

(Gorsuch, J., concurring); *see also Feds for Med. Freedom v. Biden*, 25 F.4th 354, 360 (5th Cir. 2022) (Higginson, J., dissenting).

## CONCLUSION

The preliminary injunction should be stayed pending appeal to apply only to Plaintiff.

## LOCAL RULE 3.01(g) CERTIFICATION

Consistent with Local Rule 3.01(g), counsel for Defendant has conferred with counsel for Plaintiff by telephone in a good-faith effort to resolve the issues raised in the motion. Plaintiff opposes the motion.

Respectfully submitted,

June 28, 2023

ASHLEY MOODY
ATTORNEY GENERAL

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Jeffrey Paul DeSousa (FBN 110951)
CHIEF DEPUTY SOLICITOR GENERAL

*/s/ Nathan A. Forrester*
* Nathan A. Forrester (FBN 1045107)
SENIOR DEPUTY SOLICITOR GENERAL

** Lead Counsel*

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
Nathan.Forrester@myfloridalegal.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Nathan A. Forrester*
Senior Deputy Solicitor General