FILED
Department of Business and Professional Regulation
AGENCY CLERK
CLERK: Ronda L. Bryan
Date:  8/7/2023
File #: 2023-06015

STATE OF FLORIDA
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION

DEPARTMENT OF BUSINESS AND
PROFESSIONAL REGULATION,
DIVISION OF ALCOHOLIC
BEVERAGES AND TOBACCO,

        Petitioner,

v.

THE ORLANDO PHILHARMONIC PLAZA
FOUNDATION INC.,

        Respondent.

_____/

Case No.  2022-061146
License No. 5811656

## CONSENT ORDER

Pursuant to Section 120.57(4), Florida Statutes, the Department of Business and Professional Regulation, Division of Alcoholic Beverages and Tobacco ("Petitioner" or "Division") and The Orlando Philharmonic Plaza Foundation Inc. ("Respondent") hereby stipulate to the following facts and agree to resolve Case No. 2022-061146 ("the Dispute") on the following terms:

### STIPULATIONS OF FACT

1.      Respondent holds an alcoholic beverage license in the State of Florida, having been issued performing arts center license number 5811656 ("the License"). Respondent's address of record is 425 N. Bumby Avenue, Orlando, Florida 32803 ("the Licensed Premises").

2.      The Division is the state government agency charged with regulating alcoholic beverage licensees, including Respondent.

Case No.: 2022-061146

3.     Respondent hosted a show called "A Drag Queen Christmas."

4.     Respondent knowingly allowed children to attend "A Drag Queen Christmas" with their custodial parent(s).

5.     Based on the children's presence at "A Drag Queen Christmas," the Division filed the attached Administrative Complaint against the Respondent.

<u>TERMS OF SETTLEMENT</u>

1.     The Division and Respondent agree to settle the Dispute, and Respondent admits no liability by settling the Dispute.  Upon entering this settlement, both parties agree to release and waive all claims against each other based on the facts in the Administrative Complaint.

2.     Respondent agrees not to permit patrons under the age of 18 on Respondent's Licensed Premises during any performance which contains, depicts, or simulates any activities described by section 847.001(23), Florida Statutes. Respondent will promptly remove any minors from the Licensed Premises upon becoming aware of a minor gaining admittance during any such performance.

3.     Respondent agrees to pay an administrative fine of $5,000, which shall be paid via check payable to the Department of Business and Professional Regulation, Division of Alcoholic Beverages and Tobacco, located at 2601 Blair Stone Road, Tallahassee, FL 32399. $1,500 of this administrative fine shall be paid within 30 days from the Effective Date herein, and the remaining $3,500 of this administrative fine shall be paid within 180 days from the Effective Date herein.

4.     Respondent agrees that the Division may issue Respondent a fine not exceeding $10,000 and suspend Respondent's License for no more than 30 days under the authority of Section 561.29(1)(k), Florida Statutes, if the Division finds for the first time that Respondent failed to comply with this Consent Order.  For a subsequent violation of this Consent Order, Respondent agrees that the Division may revoke Respondent's License under the authority of Section

Case No.: 2022-061146

561.29(1)(k), Florida Statutes.

5.      Respondent waives the right to judicial review of the terms of this Consent Order under Section 120.68, Florida Statutes, or any other statute or law.

6.      This Consent Order constitutes the entire agreement between the parties regarding the resolution of the Dispute and supersedes any prior representations, agreements, or promises.

7.      This Consent Order shall be binding on Respondent's successors and assigns and shall bind any person or entity to whom the License may be transferred or sold.

8.      Each party shall bear its own costs and attorneys' fees incurred in connection with the Dispute.

9.      Respondent acknowledges that it is represented by counsel and that it has entered into this Consent Order knowingly and voluntarily.

11.      This Consent Order is effective upon filling with the Agency Clerk.


[SIGNATURE PAGE FOLLOWS]

Case No.: 2022-061146

**Respondent hereby agrees to the terms and issuance of this Consent Order.**

_____          8/7/2023
**FOR RESPONDENT**                        Date
Joanne C. Grant, President
Plaza Live Foundation

**DONE** and **ORDERED** in Tallahassee, Florida this 7th day of August, 2023.



Patrick Cunningham, Director
Division of Alcoholic Beverages & Tobacco

Page 4 of 5

Case No.: 2022-061146

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Consent Order has been served via U.S. Mail to The Orlando Philharmonic Foundation Inc. c/o Agustin G. Corbella, Greenberg Traurig, 101 East College Avenue, Tallahassee, Florida 32301, and via electronic mail to Agustin G. Corbella, corbella@gtlaw.com, August 7, 2023.

By: _____
Office of the General Counsel

FILED
Department of Business and Professional Regulation
AGENCY CLERK
CLERK: Ronda L. Bryan
Date:   2/3/2023
File #:

STATE OF FLORIDA
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION

DEPARTMENT OF BUSINESS AND
PROFESSIONAL REGULATION,
DIVISION OF ALCOHOLIC
BEVERAGES AND TOBACCO,

       Petitioner,                                     Case No.:   2022-061146

v.

THE ORLANDO PHILHARMONIC
PLAZA FOUNDATION INC.,

       Respondent.

_____/

## ADMINISTRATIVE COMPLAINT

Petitioner, the Department of Business and Professional Regulation, Division of Alcoholic Beverages and Tobacco ("Petitioner" or "Division"), files this Administrative Complaint ("Complaint") against The Orlando Philharmonic Plaza Foundation Inc. ("Respondent"), and alleges as follows:

1.      Petitioner is charged with regulating alcoholic beverages and tobacco pursuant to Chapters 210, 561–565, and 567–569, Florida Statutes.

2.      Respondent is an active Florida company and qualified not-for-profit corporation under the provisions of Section 501(c)(3) of the Internal Revenue Code.

3.      Respondent's address of record is 425 N. Bumby Avenue, Orlando, Florida 32803. ("Licensed Premises")

4.      At all times material to this Complaint, Respondent was licensed by Petitioner as a "performing arts center," license number 5811656.

5.      Respondent's licensure as a performing arts center allows for the sale and consumption of alcoholic beverages on the Licensed Premises "only in conjunction with an artistic, educational, cultural, promotional, civic, or charitable event occurring on the premises under the authorization of or offered directly by the performing arts center." § 561.20(2)(j), Fla. Stat. (2022); *see also* § 561.01(17), Fla. Stat. (2022).

6.      On December 28, 2022, Respondent hosted and supported a ticketed event titled "A Drag Queen Christmas" ("the Show") on the Licensed Premises and sold alcoholic beverages to patrons in attendance. Respondent promoted the Show using targeted, Christmas-themed promotional materials that did not provide notice as to the sexually explicit nature of the Show's performances or other content. *See* **Exhibit 1.** Rather than call attention to the Show's sexually explicit content or acknowledge that it might not be appropriate for children, Respondent's promotional materials unequivocally stated "[a]ll ages welcome." *Id.*

7.      Prior to the Show occurring and based on media reports about the Show at other locations, Petitioner sent a letter to Respondent notifying Respondent that "[s]exually explicit drag show performances constitute public nuisances, lewd activity, and disorderly conduct when minors are in attendance" and that, if Respondent failed to ensure that minors were prohibited from attending such performances, its license would be subject to penalties up to and including revocation. *See* **Exhibit 2.**

8.      Respondent nevertheless allowed minors to attend the Show, responding to Petitioner's letter only by noting at the entrance of the Licensed Premises that, "[w]hile we are not restricting access to anyone under 18 please be advised some may think the context is not

appropriate for under 18." *See* **Exhibit 3.** This notice was barely visible as it was printed in small

font on a piece of paper taped to a door. *Id.*

9.     As a result, minors attended and were knowingly welcomed into the Show by

Respondent, including children appearing to be less than 6 years of age. *See* **Composite Exhibit**

**4.**

10.     During the Show and in the presence of persons less than 16 years of age,

performers appeared on stage wearing sexually suggestive clothing and prosthetic female genitalia.

*See* **Composite Exhibit 5.**

11.     The Show featured numerous segments where performers engaged in acts of sexual

conduct, simulated sexual activity, and lewd, vulgar, and indecent displays, including but not

limited to:

  a.   intentionally exposing performers' prosthetic female breasts and
       genitalia to the audience, *see* **Composite Exhibit 5;**

  b.   intentionally exposing performers' buttocks to the audience, ***id.*;**

  c.   simulating masturbation through performers' digitally
       penetrating prosthetic female genitals, *see* **Composite Exhibit
       6;** and

  d.   graphic depictions of childbirth and/or abortion, *see* **Exhibit 7.**

12.     Additionally, videos were projected on screens behind the performers. *See*

**Composite Exhibit 8.** The videos included images of exposed female breasts with less than a fully

opaque covering, portrayals of simulated masturbation, and other sexually explicit content. *Id.*

13.     The Show also contained sexually explicit themes and prurient content presented

through sexualized adaptations of popular children's Christmas songs. These included an

adaptation of "All I want for Christmas is my two front teeth" that contained portrayals of oral

fellatio, as well as the line "I'll sit on his lap, he can put his milk and cookies all between my gap."

*See* **Composite Exhibit 8**. The Show also featured a performance of "Screwdolph the Red-Nippled Reindeer," which included the following lyrics:

  a.  "You know Dasher and Dancer and Prancer and Vixen Vomit and Stupid and Dildo and Dicks-in…"

  b.  "But do you recall the most famous reindeer of all? Screwdolph the Red-Nippled Reindeer, had a very shiny bust…"

  c.  "Then one soggy Christmas Eve Santa came to say 'Screwdolph with your nipples so bright won't you guide my sleigh tonight.'"

14.   At all times material to this Complaint, Respondent maintained dominion and control over the Licensed Premises, the performances conducted at the Licensed Premises, and the persons admitted onto the Licensed Premises.

15.   Accordingly, Respondent authorized, permitted, and maintained the Show on the Licensed Premises, and, as a direct result of its admission policies, knowingly exposed minor children to the conduct alleged herein.

<u>COUNT ONE</u>

16.   Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 15 as though fully set forth herein.

17.   Section 561.29(1)(a), Florida Statutes, provides in pertinent part that

(1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:

(a)     Violation by the licensee or his or her or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state . . . or permitting another on the licensed premises to violate any of the laws of this state . . . .

18.     Section 800.04(7), Florida Statutes, provides that it is a felony offense for a person to commit lewd or lascivious exhibition "in the presence of a victim who is less than 16 years of age."

19.     As defined by section 800.04(7)(a), "Lewd or Lascivious Exhibition" includes "intentionally expos[ing] the genitals in a lewd or lascivious manner" or "intentionally commit[ing] . . . any simulation of sexual activity" in the presence of a minor less than 16 years of age.

20.     Exposing genitals in a lewd or lascivious manner and simulated sexual activity are inconsistent with the prevailing standards in the adult community as a whole with respect to what is suitable material for children under the age of 16.

21.     Respondent violated section 561.29(1)(a), Florida Statutes, by violating section 800.04(7), Florida Statutes, by allowing performers to expose genitals in a lewd or lascivious manner and by conducting acts simulating sexual activity in the presence of children younger than 16 years of age.

<u>COUNT TWO</u>

22.     Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 15 as though fully set forth herein.

23.     Section 561.29(1)(a), Florida Statutes, provides in pertinent part that

(1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:

(a)       Violation by the licensee or his or her or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state . . . or permitting another on the licensed premises to violate any of the laws of this state . . . .

24.     Section 796.07(2)(a), Florida Statutes, prohibits the operation of "any place, structure, building, or conveyance for the purpose of lewdness[.]"

25.     As defined by section 796.07(1)(c), lewdness is defined as "any indecent or obscene act."

26.     Respondent knowingly admitted children onto its licensed premises where performers conducted simulations of sexual activity constituting lewdness under section 796.07. *See Hoskins v. Dept. of Bus. Reg., Div. of Alcoholic Beverages & Tobacco*, 592 So. 2d 1145 (Fla. 2d DCA 1992) (lap dances that "simulated sexual activity" constituted lewdness within the meaning of section 796.07(2)(a) and therefore justified revocation of licensee's alcoholic beverage license).

27.     Accordingly, Respondent violated section 561.29(1)(a), by operating a place of lewdness as defined and prohibited by section 796.07(2)(a), Florida Statutes.

<u>COUNT THREE</u>

28.     Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 15 as though fully set forth herein.

29.     Section 561.29(1)(a), Florida Statutes, provides in pertinent part that

(1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:

(a)       Violation by the licensee or his or her or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state . . . or permitting another on the licensed premises to violate any of the laws of this state . . . .

30.     Section 800.03, Florida Statutes, prohibits unlawful exposure of sexual organs. Specifically, it provides that "exposing or exhibiting . . . sexual organs in public or on the private premises of another . . . in a vulgar or indecent manner" is unlawful. § 800.03(1)(a), Fla. Stat.

31.     Whether exposure of sexual organs is "vulgar or indecent" is a factual question that turns in part on the age and maturity of the audience.

32.     Respondent violated section 561.29(1)(a), Florida Statutes, by violating section 800.03, Florida Statutes, by allowing performers to expose prosthetic genitalia and breasts in a vulgar or indecent manner in the presence of children.

<u>COUNT FOUR</u>

33.     Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 15 as though fully set forth herein.

34.     Section 561.29(1)(a), Florida Statutes, provides in pertinent part that

(1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:

(a)     Violation by the licensee or his or her or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state . . . or permitting another on the licensed premises to violate any of the laws of this state . . .

35.     Section 847.011(4), Florida Statutes, prohibits knowingly promoting, conducting, performing, or participating in "an obscene show, exhibition, or performance by live persons or a live person before an audience."

36.     Furthermore, section 847.0133, Florida Statutes, provides that it is a felony to "sell, rent, loan, give away, distribute, transmit, or show any obscene material to a minor."

37.     As defined by section 847.001(12), Florida Statues, and for purposes of section 847.0133, "[o]bscene" means material which:

> (a)     The average person, applying contemporary community standards, would find, taken as a whole, appeals to the prurient interest;
>
> (b)     Depicts or describes, in a patently offensive way, sexual conduct as specifically defined herein; and
>
> (c)     Taken as a whole, lacks serious literary, artistic, political, or scientific value.

38.     Respondent violated section 561.29(1)(a), Florida Statutes, by violating sections 847.0133 and 847.011(4), Florida Statutes, by knowingly selling admission to and showing obscene performances and material to a live audience that included children.

## COUNT FIVE

39.     Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 15 as though fully set forth herein.

40.     Section 561.29(1)(a), Florida Statutes, provides in pertinent part that

> (1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:
>
> (a)     . . . engaging in or permitting disorderly conduct on the licensed premises . . . .

41.     Florida's disorderly conduct statute prohibits "such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency." § 877.03, Fla. Stat. (2022).

42.     The nature of the Show's performances, particularly when conducted in the presence of young children, corrupts the public morals and outrages the sense of public decency. *See McGuire v. State*, 489 So. 2d 729, 732 (Fla. 1986) ("the terms 'public decency' and 'corrupt

the public morals' are terms of general understanding and . . . anyone of common intelligence would be perfectly aware that such public exposure [of female breasts] was prohibited") (citing *State v. Magee*, 259 So.2d 139, 140 (Fla. 1972)).

43.     Accordingly, Respondent permitted disorderly conduct on its Licensed Premises through the hosting of the Show in the presence of young children in violation of section 561.29(1)(a), Florida Statutes.

COUNT SIX

44.     Petitioner re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 15 as though fully set forth herein.

45.     Section 561.29(1)(c), Florida Statutes, provides in pertinent part that

> (1)   The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:
>
> (c)    Maintaining a nuisance on the licensed premises.

46.      In accordance with section 823.05(1), Florida Statutes, a person is deemed to be "maintaining a nuisance" who erects, establishes, continues, maintains, owns, or leases the following:

> (a) A building, booth, tent, or place that tends to annoy the community or *injure the health of the community, or becomes manifestly injurious to the morals or manners of the people* as provided in s. 823.01.
>
> (b) A house or place of prostitution, assignation, or *lewdness.*

(emphasis added)

47.    As provided by section 823.01, Florida Statutes, nuisances that "annoy the community, injure the health of the citizens in general or corrupt the public morals" shall be a misdemeanor of the second degree in violation of the criminal laws of the State of Florida.

48.    The Florida Supreme Court has affirmed that "exhibiting for public entertainment any show or acts" conducted in a "nasty, suggestive and indecent manner" constitutes a public nuisance. *Fed. Amusement Co. v. State ex rel. Tuppen*, 32 So. 2d 1, 2 (Fla. 1947).

49.    Accordingly, Respondent has violated section 561.29(1)(c), Florida Statutes, by operating and maintaining a nuisance as defined and prohibited by sections 823.05 and 823.01, Florida Statutes.

WHEREFORE, Petitioner requests that the Division enter a Final Order finding that Respondent has violated section 561.29(a)-(c), Florida Statutes, and enter a penalty revoking Respondent's license as authorized thereunder.

Signed this 3rd day of February, 2023.

Sterling Whisenhunt, Director
Division of Alcoholic Beverages & Tobacco
Department of Business & Professional Regulation

By:    */s/ Jett Baumann*
Jett Baumann
Chief Attorney
Florida Bar No. 122159
Jett.Baumann@myfloridalicense.com
Department of Business & Professional Regulation
Office of the General Counsel
Division of Alcoholic Beverages &Tobacco
2601 Blair Stone Road
Tallahassee, Florida 32399-2202
Telephone:  (850) 717-1325
Facsimile:   (850) 922-1278

## NOTICE OF RIGHTS

Please be advised that mediation under section 120.573, Florida Statutes, is not available for administrative disputes involving this type of agency action.

Please be advised that Respondent has the right to request a hearing to be conducted in accordance with sections 120.569 and 120.57, Florida Statutes, to be represented by counsel or other qualified representative, to present evidence and argument, to call and cross-examine witnesses and to have subpoenas and subpoenas duces tecum issued on his or her behalf if a hearing is requested. Any request for an administrative proceeding to challenge or contest the charges contained in the administrative complaint must conform to Rule 28-106.2015, *Florida Administrative Code*. Rule 28-106.111, *Florida Administrative Code*, provides in part that if Respondent fails to request a hearing within 21 days of receipt of an agency pleading, Respondent waives the right to request a hearing on the facts alleged.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a complete copy of the foregoing document was served by:

☐　PERSONAL SERVICE　　　　　　　　　Date of Service _____
　　Location of Service
　　Street Address　　　　_____
　　City, State, Zip Code　_____

　　　　　　　　Service By　Print _____

　　　　　　　　　　　　　　Sign _____

　　　　　　　Received By　Print _____

　　　　　　　　　　　　　　Sign _____


☐　CERTIFIED MAIL (*Attach Receipt*)　　　　Date Mailed _____
　　Certified Mail #　　　_____

**EXHIBIT 1**



Case No.: 2022-061146

# EXHIBIT 2

 Department of Business & Professional Regulation

Office of the Secretary
Melanie S. Griffin, Secretary
2601 Blair Stone Road
Tallahassee, Florida 32399-1000
Phone: 850.413.0755 Fax: 850.921.4094

**Melanie S. Griffin**, Secretary

**Ron DeSantis**, Governor

December 28, 2022

The Orlando Philharmonic Plaza Foundation, Inc.
11PA Retail Beverage License No. 5811656
425 N. Bumby Avenue
Orlando, Florida 32803

c/o Michael Elsberry
Lowndes Drosdick Doster Kantor & Reed
PO Box 2809
Orlando, Florida 32802
mveberry@gmail.com

With a copy to:
Big Time Operator, LLC d/b/a Drag Fans
via Hand Delivery

Dear The Orlando Philharmonic Plaza Foundation, Inc.:

It has come to the Department's attention that you have contracted with Big Time Operator, LLC d/b/a "Drag Fans" to offer the use of your licensed premises to conduct the "drag show" performance "A Drag Queen Christmas." The Department has reason to believe that this drag show is of a sexual nature, involving the exposure or exhibition of sexual organs, simulated sexual activity, and/or the sexualization of children's stories. The Department has also become aware that drag shows by Drag Fans have been marketed to and attended by minors, including young children.

Sexually explicit drag show performances constitute public nuisances, lewd activity, and disorderly conduct when minors are in attendance. *See Hoskins v. Dept. of Bus. Reg., Div. of Alcoholic Beverages & Tobacco*, 592 So. 2d 1145 (Fla. 2d DCA 1992). Accordingly, Florida's licensure laws provide strict penalties for licensees who allow minors to attend these drag shows at their licensed premises. *See* sections 561.29(1)(a) and 561.29(1)(c), Florida Statutes. These penalties range up to and include revocation of the license pertaining to the licensed premises. *Id.* In short, if you allow children to attend the Drag Fans drag show at your facility, you are putting your license in jeopardy.

To avoid action being taken against your license, it is your obligation to ensure that minors are prohibited from attending the Drag Fans drag show. If minors are allowed to attend this drag show, the Department will take any and all actions available to ensure that you do not pose a threat to minors in the future.

Sincerely,

Melanie S. Griffin

Melanie S. Griffin
Secretary of Business and Professional Regulation

License efficiently. Regulate fairly.
www.MyFloridaLicense.com

Page 13 of 27

Case No.: 2022-061146

**EXHIBIT 3**



**EXHIBIT 4**



Case No.: 2022-061146



Case No.: 2022-061146



Case No.: 2022-061146



**EXHIBIT 5**



Case No.: 2022-061146



Case No.: 2022-061146

**EXHIBIT 6**





**EXHIBIT 7**



**EXHIBIT 8**



Case No.: 2022-061146





Case No.: 2022-061146

