IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

_____

HM FLORIDA-ORL, LLC,

    Plaintiff

v.	Case No. 6:23-cv-00950

THE STATE OF FLORIDA,
MELANIE GRIFFIN, in her
Official capacity as Secretary of THE
STATE DEPARTMENT OF BUSINESS
AND PROFESSIONAL REGULATION,
STATE OF FLORIDA,

    Defendant.

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

---

1. The Protection of Children Act makes it a misdemeanor to "knowingly admit a child to an adult live performance." Fla. Stat. § 827.11(3), (4).

**RESPONSE: Plaintiff disputes any implication that the "knowing" requirement of the Act permits an affirmative defense for ignorance as to the age of the child. Fla. Stat. § 827.11(2) states, "A person's ignorance of a child's age, a child's misrepresentation of his or her age,**

1

**or a bona fide belief of a child's consent may not be raised as a defense in a prosecution for a violation of this section."**

2. The Act defines an "adult live performance" as "any show, exhibition, or other presentation in front of a live audience which, in whole or in part, depicts or simulates nudity, sexual conduct, sexual excitement, or specific sexual activities as those terms are defined in s. 847.001, lewd conduct, or the lewd exposure of prosthetic or imitation genitals or breasts," when that performance

1. Predominantly appeals to a prurient, shameful, or morbid interest;

2. Is patently offensive to prevailing standards in the adult commu- nity of this state as a whole with respect to what is suitable material or conduct for the age of the child present; and

3. Taken as a whole, is without serious literary, artistic, political, or scientific value for the age of the child present.

Fla. Stat. § 827.11(1)(a).

**RESPONSE: Undisputed**

3. Plaintiff HM Florida-ORL, LLC operates a restaurant and bar with a liquor license in Orlando called "Hamburger Mary's," at which it hosts drag shows throughout the week. DE1 at 2, 6.

**RESPONSE: Undisputed.**

4. Until March 2020, when the COVID-19 pandemic hit, Hamburger Mary's required its drag entertainers to sign a contract with restrictions on their conduct. Paonessa Depo. (attached), Ex. 5 (Entertainer Agreement).

2

**RESPONSE: Undisputed**

5. One restriction was that there be no exposure of "certain anatomical areas" at any time. *Id.*, Ex. 5, at HM_000004.

**RESPONSE: Undisputed**

6. "Certain anatomical areas" was defined to include "[l]ess th[a]n completely and opaquely covered human genitals, pubic region, buttocks, anus or female breasts below a point immediately above the top of the areola," and "[h]uman male genitals in a flaccid state or in discernibly turgid state, even if completely and opaquely covered." *Id.*, Ex. 5, at HM_000003.

**RESPONSE: Undisputed**

7. Another restriction was that there be no performance of "certain sexual activities at any time." *Id.*, Ex. 5, at HM_000004.

**RESPONSE: Undisputed**

8. "Certain sexual activities" was defined to include "[t]he fondling, exposing or touching of human genitals, pubic region, buttocks, anus or female breast"; "[s]ex acts, normal or perverted, actual or simulated, including intercourse, oral copulation or sodomy"; "[m]asturbation, actual or simulated"; and "[e]xcretory functions as part of, or in connection with any of the activities set forth" previously. *Id.*, Ex. 5, at HM_000003.

**RESPONSE: Undisputed**

9. Hamburger Mary's also prohibited performers from performing lap dances. *Id.*, Ex. 5, at HM_000004.

**RESPONSE: Undisputed**

10. When it resumed operations after the temporary shutdown during the COVID-19 pandemic, Hamburger Mary's no longer required drag performers to sign this contract, but posted equivalent house rules in the dressing room and verbally communicated these restrictions to the performers. Paonessa Depo. (attached) at 37–42; *id.*, Ex. 6, at HM_000005 (House Rules); *id.*, Ex. 1, at 9 (First Supplemental Responses to Interrogatories).

**RESPONSE: Plaintiff disputes that the house rules posted in the dressing rooms are equivalent to the contract HM previously required performers to sign.** *See* **DE56-1 at PageID 813.**

11. Those house rules again required that there be "no exposure or nudity of any kind"; "no lap dances or touching of the guests at any time"; and no conduct "deemed unprofessional or inappropriate" by the on-site proprietor of Hamburger Mary's, John Paonessa. *Id.* at 41–42; *id.*, Ex. 6 at HM-000005

**RESPONSE: Undisputed**

12. Until April 2023, Hamburger Mary's had a policy of not allowing children to attend its drag shows unless accompanied by an adult. *Id.*, Ex. 1, at 5.

**RESPONSE: Undisputed**

13. Hamburger Mary's did so because its shows sometimes featured "language and sexual innuendo and provocative outfits" that in its estimation could push the shows to the rough equivalent of an R-rated movie. *Id.* at 47.

**RESPONSE: Undisputed**

14. In April 2023, Hamburger Mary's changed its policy to exclude children from all shows except the "family-friendly Sunday Broadway Brunch," which children could still attend if supervised by an adult. *Id.*, Ex. 1, at 5.

**RESPONSE: Undisputed**

15. At these Sunday shows, "[t]here is no lewd activity, sexually explicit shows, disorderly conduct, public exposure, obscene exhibition, or anything inappropriate for a child to see." DE1 at 6.

**RESPONSE: Undisputed**

16. That April 2023 policy change resulted from "an abundance of caution given the political climate around drag shows in the state." Paonessa Depo., Ex. 1, at 4.

**RESPONSE: Undisputed**

17. The Protection of Children Act (Fla. Laws ch. 2023-94 (SB 1438)) had not yet passed and did not pass until May 17, 2023.

**RESPONSE: Undisputed**

18. Following passage of the Act, Hamburger Mary's changed its policy

again to make all shows, including the Sunday brunch, "strictly 18+ without an adult supervision exception." Paonessa Depo., Ex. 1, at 5.

**RESPONSE: Undisputed**

19. Hamburger Mary's maintained that policy until this Court preliminarily enjoined enforcement of the Act on June 23, 2023. *Id.* at 5–6; DE29.

**RESPONSE: Undisputed**

20. At that point, Hamburger Mary's reverted to its original policy of allowing children to attend all shows if accompanied by an adult. Paonessa Depo., Ex. 1, at 6.

**RESPONSE: Undisputed**

                          Respectfully submitted,

                          */s/ Melissa J. Stewart*
                          Melissa J. Stewart, Esq. *Pro Hac Vice*
                          Brice M. Timmons, Esq. *Pro Hac Vice*
                          Craig A. Edgington, Esq. *Pro Hac Vice*
                          DONATI LAW, PLLC
                          1545 Union Ave.
                          Memphis, TN 38104
                          (901) 278-1004 – Telephone
                          (901) 278-3111 – Facsimile
                          melissa@donatilaw.com
                          brice@donatilaw.com
                          craig@donatilaw.com

                          Gary S. Israel, Esq. 270709
                          121 S. Orange Avenue, Suite 1500
                          Orlando, Florida 32801
                          407 210-3834
                          attorneyisrael@hotmail.com

gsi55@hotmail.com  
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served upon all parties to this action via the court's ECF filing system this 16th day of April, 2024.

/s/ Melissa J. Stewart