UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

---

HM FLORIDA-ORL, LLC d/b/a HAMBURGER MARY'S,

Plaintiff,

v.

RAYMOND GRANTHAM, in his official capacity as Secretary of the Florida Department of Business and Professional Regulation,

Defendant.

Case No.: 6:23-cv-00950-GAP-LHP

---

# **AMICUS CURIAE BRIEF**

OF

ADVOCATES FOR DISABLED AMERICANS, VETERANS, POLICE, FIREMEN & FAMILIES

IN DEFENSE OF THE RIGHTS OF DISABLED MINORS UNDER

TITLE II OF THE AMERICANS WITH DISABILITIES ACT AND THE

UNITED STATES CONSTITUTION

---

## INTRODUCTION & LETTER OF SUBMISSION

To the Honorable Court:

As National Chief Advocate for Advocates for Disabled Americans, Veterans, Police, Firemen & Families, I submit this brief in defense of disabled children and their constitutional and statutory right to be free from foreseeable harm when exposed to adult-themed public content.

This is not a brief opposing Pride or expression. This is a defense of children who cannot defend themselves—those with autism spectrum disorder, sensory processing disorders, and cognitive developmental delays, who are entitled to full protection under the Americans with Disabilities Act (ADA) and the Fourteenth Amendment.

This Honorable Court has previously received filings from me in my official capacity, including my ADA Title II amicus brief in Wall v. CDC, accepted by the 11th Circuit, and acknowledged by the Department of Justice, Department of Homeland Security, and the Centers for Disease Control and Prevention. That submission helped reshape national COVID policy for the disabled.

I now urge this Court to give due weight to this present threat: public exposure of disabled children to sexually explicit performances in open civic space, which constitutes a systemic ADA Title II failure, a denial of equal protection, and a risk of lifelong psychological trauma. This brief is submitted pursuant to this organization's First Amendment right to petition the government and defend a federally protected class.

Respectfully,

Darren Dione Aquino

National Chief Advocate

Advocates for Disabled Americans, Veterans, Police, Firemen & Families

## INTEREST OF AMICUS CURIAE

Founded in 1983, Advocates for Disabled Americans has defended the rights of children, veterans, and civilians with disabilities under federal law for over 40 years. The organization has represented disabled plaintiffs in federal ADA filings, including amicus participation in Wall v. CDC, a landmark Title II challenge.

Amicus submits this brief not in opposition to LGBTQ rights, but in defense of ADA rights when expression risks injury to a protected population.

## ARGUMENT

### I. THE ADA IMPOSES A DUTY TO PREVENT FORESEEABLE HARM

42 U.S.C. § 12132 (Title II of the ADA) prohibits a public entity from excluding or denying benefits to a qualified individual with a disability "by reason of such disability."

28 C.F.R. § 35.130(b)(7) mandates public entities to "make reasonable modifications" to avoid discriminatory effects.

The City of Naples and similar municipalities issuing public permits for adult-themed performances without safeguards have failed to uphold this mandate.

### II. THREE CLASSES OF DISABLED CHILDREN FACE EMINENT HARM

1. Children with Autism Spectrum Disorder (ASD):

   Sudden, loud, erratic performances in public places may cause sensory overload, behavioral regression, and acute trauma.

2. Children with Sensory Processing Disorder:

   These children cannot filter visual and auditory input. Unexpected exposure to sexually charged content in civic spaces can result in disassociation, seizures, or psychological collapse.

3. Children with Cognitive Developmental Delays:

    These minors cannot comprehend adult-themed messaging, placing them at high risk of mental harm, confusion, and destabilization.

Scientific studies from the National Institute of Mental Health (NIMH), CDC developmental milestones data, and peer-reviewed autism behavior journals confirm the dangers of unmoderated sensory input and adult themes on the neurodevelopmental trajectory of these children.

## III. THIS COURT HAS POWER TO UPHOLD ADA & CONSTITUTIONAL RIGHTS

The First Amendment is not absolute where government conduct foreseeably harms a protected class:

- FCC v. Pacifica Foundation, 438 U.S. 726 (1978): Government can regulate indecent content in public.
- Ginsberg v. New York, 390 U.S. 629 (1968): Minors may be restricted from accessing adult content even if it's not obscene to adults.
- Prince v. Massachusetts, 321 U.S. 158 (1944): The State has a compelling interest in protecting children from harm.
- Olmstead v. L.C., 527 U.S. 581 (1999): Title II requires community-based integration to avoid exclusion.
- Tennessee v. Lane, 541 U.S. 509 (2004): ADA Title II was passed to enforce Fourteenth Amendment guarantees.
- Renton v. Playtime Theatres, 475 U.S. 41 (1986): Zoning of adult performances is constitutional to protect community values.

## IV. WALL v. CDC – A PROVEN FRAMEWORK FOR DISABILITY INTERVENTION

In Wall v. CDC, Amicus submitted a 23-page Title II ADA brief on behalf of disabled individuals harmed by unaccommodated federal mask mandates. The brief was cited across public agencies and helped overturn mandatory masking for those with respiratory and neurodevelopmental conditions.

This same principle applies here: when public policy ignores Title II and causes harm to a protected population, the courts must intervene. Failure to do so creates systemic exclusion, medical harm, and civil rights violations.

**V. OUR CHIEF MEDICAL OFFICER VALIDATES THE RISK**

Dr. Mikhail J. Artamonov, Chief Medical Officer of ADA Advocates, confirms that unsupervised exposure of children with ASD, PTSD, and cognitive delays to adult-themed public content creates significant neurobiological risk. Citing DSM-5 criteria and pediatric neurology, he supports the need for zoning, warning systems, and sensory accommodations.

---

## CONCLUSION & RELIEF

This Court is urged to:

1. Acknowledge the ADA Title II implications of unregulated adult-themed content in public civic zones;
2. Consider the constitutional harm to disabled children under the Equal Protection and Substantive Due Process clauses;
3. Mandate reasonable modifications when public entities issue permits for adult expression in shared spaces.

Amicus asks for recognition of its First Amendment right to speak in defense of those who cannot — and for this Court to ensure freedom does not become trauma for the disabled children of Florida.

Respectfully submitted,

Darren Dione Aquino

National Chief Advocate

Advocates for Disabled Americans, Veterans, Police, Firemen & Families

www.ADAadvocates.org